UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VELIQ USA, INC., | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10197-ADB |
| | * | |
| MOBILLOGIX, LLC, | * | |
| | * | |
| Defendant/Counter-Plaintiff. | * | |
| | * | |
| MOBILLOGIX, LLC, | * | |
| | * | |
| Third Party Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| VELIQ B.V., | * | |
| | * | |
| Third Party Defendant. | * | |

MEMORANDUM AND ORDER

June 15, 2016

BURROUGHS, D.J.

**I.    Introduction**

This action arises out of the Master Service Agreement ("MSA") entered into between VeliQ USA, Inc. ("VeliQ USA") and Mobillogix LLC ("Mobillogix") in February 2014. Under the MSA, Mobillogix was to purchase licenses to VeliQ USA's mobile device management platform, incorporate that platform into Mobillogix's own product, and then sell that product to Mobillogix's end user customers. On December 18, 2014, VeliQ USA filed a Complaint in Massachusetts state court against Mobillogix, alleging that Mobillogix breached the MSA by refusing to pay for the licenses it had agreed to purchase. [ECF No. 1-1]. Mobillogix removed the case to this Court on January 23, 2015. [ECF No. 1].

Mobillogix moved to dismiss VeliQ USA's complaint for lack of personal jurisdiction and the Court denied the motion. [ECF No. 14]. Thereafter, Mobillogix filed a Counterclaim against VeliQ USA and a Third Party Complaint against VeliQ B.V., VeliQ USA's parent company, in which Mobillogix asserted counts for fraud (Count I) and unfair and deceptive trade practices in violation of Mass. Gen. Laws 93A, § 11 (Count II) against both VeliQ USA and VeliQ B.V. and a count for breach of the MSA against VeliQ USA (Count III). [ECF No. 21]. Mobillogix filed an Amended Third Party Complaint and Counterclaim on July 8, 2015, with the same three counts. [ECF No. 38]. Mobillogix alleged that VeliQ's product, the "MobiDM," did not work as promised and that during negotiations, both VeliQ USA and VeliQ B.V. made knowingly false statements about the MobiDM's capabilities in order to induce Mobillogix to enter into the MSA. On August 10, 2015, both VeliQ USA and VeliQ B.V. moved to dismiss Counts I (fraud) and II (Chapter 93A) of the Amended Third Party Complaint and Counterclaim. [ECF No. 43]. Mobillogix opposed the motion on August 24, 2015 [ECF No. 47], and the Court has yet to resolve it.

On September 29, 2015, VeliQ's counsel filed a Motion for Leave to Withdraw, stating that it needed to withdraw because of irreconcilable differences with VeliQ. [ECF No. 49].[1] The Court granted the motion. [ECF No. 50]. Since then, no attorney has entered an appearance for VeliQ USA or VeliQ B.V. On October 19, 2015, Mobillogix moved to compel discovery from VeliQ. [ECF No. 51]. It requested, among other things, that VeliQ produce documents responsive to Mobillogix's document requests and provide more detailed responses to its

---

[1] VeliQ USA and VeliQ B.V. were represented by the same counsel. At times, this Memorandum and Order refers to VeliQ USA and VeliQ B.V. collectively as "VeliQ."

interrogatories. Id. VeliQ did not appear at the November 10, 2015 motion hearing and the Court granted Mobillogix's motion to compel. [ECF No. 59].

Even after the Court's order, VeliQ has continued to disregard its discovery obligations. It has still not produced any documents responsive to Mobillogix's document requests and appears to have abandoned the case. As a result, on December 7, 2015, Mobillogix filed a motion pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure requesting that the Court (a) dismiss VeliQ USA's claims against it and (b) enter a default judgment against VeliQ USA and VeliQ B.V. on its Counterclaim and Third Party Complaint, as a sanction for VeliQ's inaction. [ECF No. 60]. The Court held a hearing on Mobillogix's motion on January 28, 2016. [ECF No. 65]. As with the previous motion to compel hearing, counsel for VeliQ did not appear. The next day, in response to Mobillogix's motion, the Court entered an Order to Show Cause requesting that VeliQ USA explain why its Complaint should not be dismissed for failure to prosecute. [ECF No. 63]. VeliQ USA did not file a response.

    **II.    Discussion**

        **a.  VeliQ's Motion to Dismiss**

Before evaluating Mobillogix's motion, the Court must first assess VeliQ's outstanding motion to dismiss Mobillogix's Amended Third Party Complaint and Counterclaim. [ECF No. 43]. Mobillogix contends that because corporations cannot act *pro se*, this motion is moot now that VeliQ's counsel has withdrawn. [ECF No. 67]. The motion to dismiss, however, was fully briefed before VeliQ's counsel withdrew, and Mobillogix has not provided any authority that supports mooting a ripe motion because of counsel's subsequent withdrawal.

As alleged in Mobillogix's Amended Third Party Complaint and Counterclaim, which the Court accepts as true for purposes of VeliQ's motion to dismiss, Mobillogix and VeliQ USA

entered into the MSA on or about February 26, 2014. [ECF No. 38 ¶ 13]. Under the MSA, VeliQ USA was to provide Mobillogix with MobiDM—a software application that VeliQ represented was a scalable and configurable security solution for mobile devices—such that Mobillogix could sell MobiDM to third parties as part of its comprehensive enablement solution. Id. ¶ 1. Although the MSA was signed by VeliQ USA, no one employed by VeliQ USA had any involvement with the development or maintenance of MobiDM, or efforts to license MobiDM to Mobillogix. Id. ¶ 11. These efforts were led by VeliQ B.V. Id. ¶¶ 10-12.

Mobillogix contends that to induce it into entering into the MSA, VeliQ USA and VeliQ B.V. made representations regarding MobiDM's then available functionalities and capabilities that they knew were false. For example, Mobillogix alleges that during the period of time from late 2013 until execution of the MSA in February 2014, VeliQ B.V. employees made representations that MobiDM was designed to easily support hundreds of thousands of devices within a single corporation, which they knew was not true. Id. ¶ 37. They allegedly made further false representations regarding MobiDM's configurability and monitoring capabilities. Id. ¶ 38.

First, the Court finds that the fraud and Chapter 93A claims against VeliQ USA should be dismissed. Although the Amended Third Party Complaint and Counterclaim asserts identical Chapter 93A and fraud claims against VeliQ USA and VeliQ B.V., it does not identify a single representation made by a VeliQ USA employee during the course of the negotiations. The Amended Third Party Complaint and Counterclaim states that "all representations regarding MobiDM's technical capabilities and specifications made by them during the efforts to induce Mobillogix to enter into a licensing agreement *came from VeliQ B.V. . . .*" Id. ¶ 12 (emphasis

added).[2] It only identifies one VeliQ USA employee, Edwin Vargas, and states that he "was not involved in the development and maintenance of MobiDM, nor was he involved in the efforts to license MobiDM to Mobillogix." Id. Though Mobillogix has a viable breach of contract claim against VeliQ USA, which VeliQ USA has not moved to dismiss, Mobillogix has not pled plausible fraud and Chapter 93A claims against VeliQ USA. An essential element of a fraud claim is a false representation of a material fact. See Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975). Because the Amended Third Party Complaint and Counterclaim does not identify any representations made by VeliQ USA, let alone false ones, the fraud claim against VeliQ USA must be dismissed. Furthermore, because the Chapter 93A claim against VeliQ USA is premised on the same allegations as the fraud claim, it also must be dismissed.

The fraud and Chapter 93A claims against VeliQ B.V., however, may proceed. The Amended Third Party Complaint and Counterclaim identifies numerous representations made by VeliQ B.V. employees to Mobillogix during the MSA negotiations. These include the following:

- "[D]uring the period of time from late 2013 until execution of the MSA in late February 2014, Messrs. de Sterke and van Bijsterveld (VeliQ B.V. CTO), made representations to Scott Jonasz and others at Mobillogix regarding the multi-tenancy, configurability and monitoring capabilities of MobiDM." [ECF No. 38 ¶ 16].

- "[The] representations included many of the same false representations about MobiDM's scaleability, functionality and capability included in the Master Service Agreement

---

[2] See also [ECF No. 38 ¶ 23 ("Almost immediately after execution of the MSA, Mobillogix learned that MobiDM failed to provide much of the functionality and capabilities identified in the MSA and *otherwise represented by VeliQ B.V. representatives* to Mobillogix during negotiations regarding the MSA."), ¶ 24 ("*VeliQ B.V. representatives had promised and represented* to Mobillogix that MobiDM provided a 'swift and easy' mobile device management experience, and that deployment of MobiDM would be 'instant and easy.'"), ¶ 25 ("Mobillogix primarily communicated with VeliQ representatives in The Netherlands regarding MobiDM's failure to provide much of the functionality and capabilities identified in the MSA and otherwise represented to Mobillogix by Joachim de Sterke (VeliQ B.V. CFO) and Ron van Bijsterveld (VeliQ B.V. CTO), among others, prior to execution of the MSA.") (emphasis added)].

5

('MSA') referenced below and were made by not only Messrs. Crummey, Dion and Lake, but also Messrs. de Sterke and van Bijsterveld." Id. ¶ 12.

- "The MSA included a representation that MobiDM 'is designed to easily support 10 to 100,000's of devices.' This same representation had been made many times by VeliQ B.V.'s representatives during the discussions leading up to execution of the MSA to induce Mobillogix to execute the MSA." Id. ¶ 16.

- "VeliQ B.V. representatives had promised and represented to Mobillogix that MobiDM provided a 'swift and easy' mobile device management experience, and that deployment of MobiDM would be 'instant and easy.'" Id. ¶ 24.

In its motion to dismiss, VeliQ B.V. argues that Mobillogix has not pled fraud with particularity and that in any event, the allegedly fraudulent statements are statements of opinion or belief that cannot support a fraud claim. The Court is not persuaded by either argument.

First, Mobillogix has pled fraud with particularity—it has pled the who, what, when, where, and how of the alleged fraud. U.S. ex rel. Heineman–Guta v. Guidant Corp., 718 F.3d 28, 36 (1st Cir. 2013). Under Fed. R. Civ. P. 9(b), a complaint alleging fraud must include "specifics about the time, place, and content of the alleged false representations." Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 280 (1st Cir. 2013) (internal quotations omitted). "Conclusory allegations are insufficient, but Rule 9(b) may be satisfied 'when some questions remain unanswered, provided the complaint as a whole is sufficiently particular to pass muster.'" United States v. Medtronic, Inc., No. 11-10790-DPW, 2016 WL 2993167, at *3 (D. Mass. May 23, 2016) (quoting U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009)). Here, Mobillogix alleges that during the MSA negotiations, which took place in late 2013 and early 2014, several VeliQ B.V. employees made knowingly false statements about the capabilities of the MobiDM. Mobillogix identifies the specific employees and statements, as well as the relatively short time period in which they were made. Mobillogix does not merely "recite the elements of a fraud claim," Pine Polly, Inc. v. Integrated Packaging Films IPF, Inc., No. 13-

11302-NMG, 2014 WL 1203106, at *4 (D. Mass. Mar. 19, 2014), but instead provides ample details regarding the circumstances constituting the fraud.

Second, Mobillogix relies on actionable statements of fact, and not only on statements of opinion or belief. "A statement giving rise to liability for misrepresentation must be one of fact, i.e., something 'susceptible of knowledge,' rather than one of expectation, estimate, opinion, or judgment." Softub, Inc. v. Mundial, Inc., 53 F. Supp. 3d 235, 255 (D. Mass. 2014) (internal quotations omitted). "A representation is ordinarily considered one of opinion instead of fact if the statement merely expresses the maker's 'judgment as to quality, value, authenticity or other matters of judgment. . . .'" Gianocostas v. RIU Hotels, S.A., No. MICV2000-02862-C, 2006 WL 1467557, at *8 (Mass. Super. May 24, 2006) (quoting McEneaney v. Chesnut Hill Realty Corp., 38 Mass. App. Ct. 573, 575 (1995)). The Amended Third Party Complaint and Counterclaim alleges that VeliQ B.V. made specific representations regarding the functionality and capabilities of the MobiDM. While representations that MobiDM provided a "swift and easy" mobile device management experience, and that deployment of MobiDM would be "instant and easy" might constitute opinion, the Amended Third Party Complaint and Counterclaim also contains more specific representations. As examples, it alleges that VeliQ misstated the multi-tenancy, configurability and monitoring capabilities of MobiDM, including that it could accommodate hundreds of thousands of devices. These representations regarding MobiDM's capabilities are actionable statements of fact.

Separately, VeliQ B.V. argues that the Chapter 93 claim should be dismissed because Mobillogix has not satisfied Chapter 93A's geographic requirements. Under Section 11 of Chapter 93A, the unfair or deceptive acts at issue must occur "primarily and substantially within the commonwealth." Mass. Gen. Laws ch. 93A, § 11. The defendant bears the burden of

showing that the unfair or deceptive act did not occur primarily and substantially in Massachusetts. Id. Because this is a fact-intensive determination, courts are hesitant to grant motions to dismiss on this ground. See Berklee Coll. of Music, Inc. v. Music Indus. Educators, Inc., 733 F. Supp. 2d 204, 213 (D. Mass. 2010) ("Due to the fact-finding process necessarily involved in evaluating the [primarily-and-substantially] issue, 'this particular ground for challenging a c. 93A claim—absent some extraordinary pleading concession by a claimant—cannot be resolved on Rule 12 motions.'"); Workgroup Tech Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 118 (D. Mass. 2003) (noting that the "primarily and substantially" decision "must be made on the basis of factual findings," and that "[s]ince a Court does not make such findings when ruling on a motion to dismiss, it would seem that a motion to dismiss is no longer an appropriate vehicle for raising the issue").

  VeliQ B.V. has not met its burden, at least at the motion to dismiss stage, of showing that the unfair or deceptive act did not occur primarily and substantially in Massachusetts. Mobillogix has alleged substantial wrongful conduct by VeliQ B.V. in Massachusetts. [ECF No. 38 ¶¶ 47-50]. For instance, Mobillogix has alleged that certain of VeliQ B.V.'s representatives, including Joachim de Sterke (VeliQ B.V. CFO), Ron van Bijsterveld (VeliQ B.V. CTO), and Alex Bausch (VeliQ B.V. Founder and CEO), made false and fraudulent statements to Mobillogix in Massachusetts. See e.g., id. ¶¶ 4-6. Mobillogix has further alleged that VeliQ B.V. employee Steve Crummey, who worked from VeliQ USA's office in Boston, made false representations regarding MobiDM's technical capabilities and specifications. Id. ¶¶ 12-13. Moreover, in an earlier filing in this matter, VeliQ itself represented that "during the course of the parties' business relationship, Mobillogix personnel engaged in months of frequent contact with VeliQ personnel within [Massachusetts]," and that "there were dozens if not hundreds of specific

contacts by Mobillogix into the Commonwealth including two in-person meetings with Mobillogix's CEO at VeliQ's Boston headquarters; a plethora of emails and phone calls with Massachusetts personnel related to the negotiation of the MSA. . . ." [ECF No. 12 at 2].

### b. Mobillogix's Motion to Dismiss and for a Default Judgment

Having determined which of the claims in Mobillogix's Amended Third Party Complaint and Counterclaim should remain—Counts I (fraud) and II (Chapter 93A) against VeliQ B.V. and Count III (breach of contract) against VeliQ USA—the Court can now assess Mobillogix's pending motion. The motion requests, pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, that VeliQ USA's Complaint be dismissed and that a default judgment be entered against both VeliQ USA and VeliQ B.V. on Mobillogix's Amended Third Party Complaint and Counterclaim,.

Fed. R. Civ. P. 37(b)(2)(A) sets forth the sanctions that a court may impose for a party's failure to obey a discovery order, including an order granting a motion to compel discovery. These sanctions include, among other things, dismissing the action and/or entering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). "A district court has wide discretion in choosing sanctions for discovery violations." Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012). "In determining the appropriate sanction, if any, a court should 'consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" United States v. Pfizer, Inc., No. 10-11166-DPW, 2016 WL 3017381, at *8 (D. Mass. May 23, 2016) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)).

Under Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action for plaintiff's failure to prosecute. This rule reinforces the "inherent power of trial courts to dismiss cases for

want of prosecution or disregard of judicial orders . . . ." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). Courts should only impose this severe sanction where the plaintiff's conduct is "extreme." Id. "[E]xtreme misconduct comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances." Id. at *4-5.

First, the Court finds that VeliQ USA's Complaint should be dismissed with prejudice pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure. Although a severe sanction, dismissal is warranted given VeliQ USA's complete absence from this case since September 2015. Since September 2015, VeliQ USA has defied a Court order, failed to appear at two motion hearings, and defaulted on an order to show cause. Furthermore, Mobillogix served its first set of document requests on May 6, 2015, and VeliQ still has not produced a single responsive document. "[D]ismissal orders typically are measures of last resort, reserved for extreme cases." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). VeliQ USA's complete lack of responsiveness either on paper or during scheduled court hearings warrants this measure of last resort. See Young, 330 F.3d at 81 ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.").

Second, because of the severity of VeliQ's discovery violations, the Court agrees that default judgment should be entered against VeliQ B.V. and VeliQ USA on the counts remaining in Mobillogix's Amended Third Party Complaint and Counterclaim. "Although a 'drastic sanction,' '[t]he entry of a default judgment provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice.'" Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1,

7 (1st Cir. 2011) (quoting Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009)). Even before its counsel withdrew, VeliQ had not produced a single responsive document. Since its counsel withdrew, VeliQ has defied a court order compelling discovery and still not produced any documents. VeliQ's repeated discovery failures necessitate the entry of default judgment. Cf. Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 85 (1st Cir. 2012) (holding that default judgment sanction was improper where the defendants' single instance of misconduct occurred while they were unrepresented and unaware of the deadline).

Mobillogix has requested a default judgment against VeliQ USA and VeliQ B.V. in the amount of $909,532.36, the alleged out-of-pocket costs suffered by Mobillogix as a result of VeliQ's conduct. Mobillogix submitted an affidavit from Scott Jonasz, its founder and CEO, verifying its damages calculation. Jonasz stated that damages were calculated as follows:

| Amount | Description |
|---|---|
| $100,000.00 | Pre-payment of license fee (paid in or about March 2014). |
| $241,800.00 | Mobillogix's cost of development and integration of VeliQ's MobiDM platform. |
| $250,000.00: | Mobillogix's cost for de-coupling VeliQ's MobiDM platform from Mobillogix's product ($8,200.00) and integrating AirWatch's platform into Mobillogix's product ($241,800.00). |
| $10,000.00: | Mobillogix's travel and related expenses as a result of VeliQ's conduct and the failure of MobiDM to work as promised. |
| $280,033.34 | Legal fees and costs incurred by Mobillogix (as of October 31, 2015) from Whiteford, Taylor & Preston, LLP as a result of this litigation. |
| $27,699.02: | Legal fees and costs incurred by Mobillogix (as of October 31, 2015) from Sherin & Lodgen (local counsel) as a result of this litigation. |
| **909,532.36** | **TOTAL** |

[ECF No. 61-4 ¶ 4]. The Court will not award $241,800.00 twice—Mobillogix is not entitled to both the cost of integrating VeliQ's MobiDM platform and the cost of integrating AirWatch, the platform it acquired to replace MobiDM. The Court otherwise approves Mobillogix's proposed amount and orders a default judgment in the amount of $667,732.36. This amount includes the reasonable legal fees and costs incurred by Mobillogix.[3]

### III. Conclusion

For the foregoing reasons, the Court hereby ORDERS that: (1) VeliQ USA's Complaint [ECF No. 1-1] is dismissed with prejudice; (2) Counts I and II of Mobillogix's Amended Third Party Complaint and Counterclaim [ECF No. 38] are dismissed with respect to VeliQ USA only; and (3) default judgment is entered against VeliQ B.V. on Counts I and II of Mobillogix's Amended Third Party Complaint and Counterclaim and against VeliQ USA on Count III of Mobillogix's Amended Third Party Complaint and Counterclaim. The Clerk shall enter judgment against VeliQ USA and VeliQ B.V. in favor of Mobillogix in the amount of $667,732.36.

**So Ordered.**

Dated: June 15, 2016

Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE

---

[3] Mobillogix has submitted invoices that support the requested legal fees and costs. [ECF Nos. 66, 70]. Legal fees and costs are recoverable against VeliQ USA pursuant to the MSA, which provides that "in the event of any litigation or arbitration hereunder, the arbitrator or court shall award costs and reasonable attorneys' fees to the prevailing party." [ECF No. 61-2 at 6]. Furthermore, fees and costs are recoverable against VeliQ B.V. under the defaulted Chapter 93A claim. Mass. Gen. Laws. ch. 93A, § 11.